JOHN A. PFARR, RELATOR, v. GEORGE A. SCHMIDT, BUILD-ING INSPECTOR OF THE TOWN OF IRVINGTON, RE-SPONDENT.

Decided October 21, 1926.

Zoning—Stores in Restricted Section—Case Within Ignaciunas v. Nutley—Urged That the Present Proceeding is Premature Because No Appeal Had Been Taken to Board of Adjust-ment—Nothing Before Court to Show That There is a Board of Adjustment—Peremptory Writ Awarded.

On rule for *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *John J. McCloskey*.

For the respondent, *Charles H. Stewart*.

PER CURIAM.

This is a rule to show cause why a *mandamus* should not issue requiring the respondent to issue to relator a permit to erect a building containing stores on property situate at the northeast corner of Myrtle and Avon avenues, in Irving-ton. Under the zoning ordinance of Irvington the property is in a district in which stores are prohibited. The plans for the building comply with the building code, and relator made proper application for the permit, which was refused solely upon the ground that a building occupied by stores, in the proposed location, violated the zoning ordinance.

The application for the permit was made December 22d, 1925. On May 24th, 1922, the zoning ordinance had been amended by changing the plot at the southeast corner of Madison and Myrtle avenues, one block from relator's lands, from a residential to a business zone, and such property now has a building thereon containing stores.

There seems to be no reason advanced against the issuance of the permit, other than such a building, as proposed, would violate the ordinance in question.

That situation is controlled by *Ignaciunas* v. *Nutley,* 99 *N. J. L.* 389, and the cases which follow it.

It is also urged that the present proceeding is premature because no appeal from the refusal of respondent has been taken to the board of adjustment.

But this court and the Court of Errors and Appeals has held to the contrary. *Warner* v. *Board of Adjustment, &c.,* 4 *N. J. Adv. R.* 344; *Krumgold & Sons* v. *Jersey City,* 130 *Id.* 635; *Losick* v. *Binda, Id.* 537; *Lutz & Clayton* v. *Kaltenbach,* 131 *Id.* 899.

These cases, however, were all before the supplement to the Home Rule act. This supplement is chapter 315 (*Pamph. L.* 1926, *p.* 526), and became effective March 31st, 1926.

Upon an application for an alternative writ of *mandamus,* Chief Justice Gummere held that this supplement clothed boards of adjustment with certain powers of review, and that the remedy of the property owner would not be by *mandamus,* but by *certiorari,* to review the action of the board of adjustment. *Chancellor Development Corp.* v. *Senior,* 4 *N. J. Mis. R.* 633.

But we do not find that this question is before us, because there is nothing in the proofs or stipulation of facts showing that respondent has created a board of adjustment. It does appear that after the application for the permit on December 22d, 1925, and its refusal on the same date, relator, on January 19th, 1926, made an application to the board of commissioners of Irvington to amend its zoning ordinance so that relator's property would be taken out of a residential zone and placed in a business zone. It appears further that this

application was denied on January 26th, 1926, and that the present rule to show cause was allowed on April 10th, 1926.

With the cause as it is before us, the rule to show cause is made absolute, and a peremptory writ of *mandamus* is awarded.